

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 20 2015

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

OLIN RAY NOWLIN, §
 §
    Plaintiff, §
 §
VS. § NO. 4:15-CV-778-A
 §
JOE SHANNON, JR., ET AL., §
 §
    Defendants. §

MEMORANDUM OPINION
and
ORDER

Plaintiff, Olin Ray Nowlin, a prisoner incarcerated in a facility of the Texas Department of Criminal Justice, filed this suit pro se under 42 U.S.C. § 1983, on October 5, 2015, in the United States District Court for the Eastern District of Texas, Beaumont Division, which by order signed October 12, 2015, transferred the action to this court.

I.

The Complaint

Plaintiff names in his complaint as defendants "JOE SHANNON JR, . . . prosecuting attorneys office of Tarrant county Texas," and "STATE OF TEXAS/ CITY OF FORT WORTH. PROSECUTING ATTORNEYS OFFICE AND IT:S EMPLOEES." Doc. 1 at 3 (errors in original).[1]

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced documents on the civil docket in this Case No. 4:15-CV-778.

As well as the court can interpret the allegations of the complaint and plaintiff's supporting memorandum of law, plaintiff has alleged that:

In 1998 he was tried and convicted in a District Court of Tarrant County, Texas, of aggravated sexual assault of a child and was sentenced to life imprisonment after the jury returned a verdict of guilty on April 1, 1998. Id. at 4. During jury deliberations the prosecutor went into the jury room and gave the jury a forged document. Id. Plaintiff was not allowed to question the person that wrote the affidavit because there was no such person, with the consequence that plaintiff's right of confrontation was violated. Id. Plaintiff does not ask that his conviction be overturned, but only that the State be required to turn over to him the affidavit and provide proof to this court that there is a real person whose name appears on the document as the affiant. Id. The State of Texas has the affidavit. Id. Success in this suit would only give him access to the affidavit, which may prove exculpatory or inculpatory, but in no way will success in this suit imply the unlawfulness of the custody by the State of the affidavit. Id.

By way of relief, plaintiff requests that the court:

> Order the Tarrant county prosecutors office to supply the petitioner a certified copy of the affidavit, and the courts run a identifacation check

2

>through the dept of public safty to insure that there
>is such a person. and that the state comply with this
>courts order.

Id. (errors in original).

II.

Screening Pursuant to 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted). After considering plaintiff's claims as described in the complaint, the court concludes that they are frivolous and fail to state a claim for relief against any defendant.

3

III.

## Analysis

Plaintiff provides the court no authority in support of the relief he seeks, nor is the court aware of any such authority. Although the complaint does not suggest that plaintiff is seeking any relief against the prosecutor, the court notes in passing that if he were to be seeking any such relief, the prosecutor would enjoy absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

While plaintiff maintains that he is not in this action seeking to obtain a ruling that will imply the unlawfulness of his custody, and that his complaint is that "[t]he states refsal to release the affadavit .. has deprived him of his liberty intrest in utilizing state procedures to obtain reversal of his conviction and or obtain a pardon," id. (errors in original), plaintiff appears to be attempting to avoid the effect to the ruling of the Supreme Court in Heck v. Humphrey that:

> for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

4

512 U.S. 477, 486-87 (1994) (footnote omitted). A favorable ruling for plaintiff by this court would necessarily imply the invalidity of plaintiff's 1998 conviction and sentence.

Because of the uncertainty as to the exact nature of plaintiff's complaint, the court cannot say for certain that there is a limitations bar to whatever claim he is making. The applicable limitations period provided by Texas law controls in a § 1983 action such as this. <u>Jackson v. Johnson</u>, 950 F.2d 263, 265 (5th Cir. 1992). The Texas residual limitations period is four years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.051.

Whatever view the court takes of plaintiff's action, the action appears to be without legal merit. Thus, the court is <u>sua sponte</u> dismissing the action pursuant to the authority of 28 U.S.C. § 1915A(b)(1). Plaintiff fails to state a claim upon which relief may be granted and his action is frivolous.

IV.

<u>Order</u>

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff by his complaint in the above-captioned

action be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED October 20, 2015.

_____
JOHN McBRYDE
United States District Judge